76

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

SEP  4 1992

MICHAEL N. MILBY, CLERK

By Deputy: ⟨signature⟩

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

RAUL ORTEGA and MARGARITA ORTEGA §
Individually, and as Representatives §
of THE ESTATE OF JOSE LUIS ORTEGA §
deceased; RAUL E. ORTEGA, JR., §
Individually; and RODOLFO ORTEGA, §
as next friend of MARISELA ORTEGA, §
a minor, §
       plaintiffs §
 §
VS. §
 §
 §
VALLEY COCA-COLA BOTTLING §
COMPANY, INC., and BLUE §
BIRD BODY COMPANY OF §
FORT VALLEY, GEORGIA, §
       defendants §

Civil Action NO. M-90-045-1
(severed from M-90-045)

## FINAL JUDGMENT

BE IT REMEMBERED that on this 17th day of July, 1992, this Cause came before the Court for final adjudication as to the parties named below, the full names of the parties being as follows:

I.

PLAINTIFFS AND INTERVENORS

RUDOLFO ORTEGA, Individually, and as Next Friend of MARISELA ORTEGA, a Minor, and MARISELA ORTEGA by and through her Guardian Ad Litem, Horacio Pena.

II.

DEFENDANT

VALLEY COCA-COLA BOTTLING COMPANY, INC.

III.

Came the above named parties in person by and through their respective attorneys of record. All parties appeared, announced ready for trial, waived a trial by jury and announced that they had settled all "Settled Claims" in issue and in dispute between the Plaintiffs and Intervenors and Defendant, subject to the Court's approval. "Settled Claims", as that term is used herein, means all claims and/or causes of action, whether asserted or not, and whether known or not, for any damages and injuries Plaintiffs and Intervenors have incurred or will incur arising out of the Occurrence, and any and all claims and/or causes of action Plaintiffs and Intervenors may have now or may have in the future, known or unknown, which have been asserted or that ever could be asserted arising out of or in any way associated with the Occurrence. "Occurrence", as that term is used herein, means a vehicular accident that occurred on or about September 21, 1989 in Alton, Hidalgo County, Texas, wherein a truck owned and operated by Valley Coca-Cola Bottling Company, Inc. and driven by Mr. Ruben Perez was involved in a collision with a Mission Consolidated Independent School District school bus and the aftermath of said accident, including, but not limited to, any resuscitative, rescue or life-saving activity. Under the terms of the settlement, the said Defendants are to pay to the aforesaid Plaintiffs/Intervenors the consideration shown on the attached Exhibit "A". That consideration will fully resolve and extinguish all claims or causes of action that have been asserted or could have been asserted in Civil Action No. M-90-045 in severed Civil Action No. M-90-045-1 and/or any other cause, whether known or unknown. The Court heard evidence concerning the reasonableness of the settlement, the injuries and damages received by the Plaintiffs/Intervenors, and all evidence deemed by the Court necessary

2

to make a determination of the fairness of the settlement; and the Court reviewed the parties' written Settlement and Release Agreement.  Additionally, counsel for Plaintiffs and Intervenors have represented to the Court that he has complied with Rule 1.08f of the Texas Disciplinary Rules of Professional Conduct.

The Court finds that the settlement is fair and reasonable and that the settlement should be approved.  The Court further finds that the attorneys' fees ~~and expenses which~~ are those listed in Exhibit ~~C~~ "A" including the ad litem fee ~~have been incurred in pursuing the instant claims are just and the same are hereby approved.~~ *pw*

The Court now approves the settlement and the payment of monies as set forth on the attached Exhibit "A".  The Court finds that all "Settled Claims" asserted in the pleadings of the aforesaid Plaintiffs/Intervenors filed in Civil Action No. M-90-045 and in Severed Civil Action No. M-90-045-1 as well as all papers and documents filed by this claimant, and all "Settled Claims" asserted or which could have been asserted in all causes are within the scope of the parties' agreement of settlement and release.  The Court specifically approves the same as binding on and conclusive of all "Settled Claims" which might ever be asserted by or on behalf of the Plaintiffs/Intervenors against said Defendants.  The Court, therefore, enters the following judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Settlement and Relaease Agreement between the parties is fair, equitable, just and in the best interest of the parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants VALLEY COCA-COLA BOTTLING COMPANY, INC. should be and the same is hereby fully relieved

and discharged of and from any and all liability to the Plaintiffs and/or Intervenors named above for the "Settled Claims" made the basis of this suit and that Plaintiffs and Intervenors take nothing by this suit.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Settlement and Release Agreement entered into by the parties herein, and this Judgment in no way constitute an admission or adjudication of liability or fault on the part of or in connection with the aforementioned Defendant.  This Judgment does not prejudice the rights of the Plaintiffs/Intervenors and said Defendants to assert at a later time any claim, counter-claim, cross-claim or third-party claim that the Plaintiffs/Intervenors or Defendants may have against any other Defendant not released as per such Settlement and Release Agreement (Agreement) dated July 17 , 1992.  This Judgment shall not constitute res judicata, collateral estoppel or estoppel by judgment as to any such non-released Defendant(s); nor shall this Judgment constitute res judicata, collateral estoppel or estoppel by judgment as to any claim (including any fact issues material thereto) against such non-released Defendants, or against any other person(s) and entities not released by the above-described Settlement and Release Agreement.  This Judgment shall not be deemed to constitute a full recovery or satisfaction of any damage claims which have been or may in the future be asserted by or for the Plaintiffs/Intervenors against any party not released in said Agreement.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiffs/Intervenors are specifically denied all relief not expressly granted by this Judgment, whether the relief was requested or whether it could have been requested in

4

this case, and whether it was known or unknown.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that costs of Court incurred to date of Judgment by the herein referenced Plaintiffs/Intervenors be taxed against said Defendant and that all costs incurred by Defendants be paid by Defendants.

The attorneys representing the Plaintiffs/Intervenors herein shall have the responsibility of identifying all existing, unpaid statutory liens, whether hospital, workers' compensation lienholder or other lienholder, and shall negotiate and/or pay all said liens and secure appropriate releases from each lienholder.

SIGNED AND ENTERED this the 4th day of September, 1992.

_____
JUDGE PRESIDING

**AGREED TO AND APPROVED:**

**ATTORNEY FOR PLAINTIFF**

MUNOZ, HOCKEMA & REED
1109 Nolana, Suite 205
P. O. Box 720660
McAllen, Texas 78504
Telephone: (512) 631-9112
Telecopier: (512) 630-9472

By: _____
(Roger Reed)
Texas State Bar I.D. 16687200

5

**AGREED TO AND APPROVED:**

GUARDIAN AD LITEM FOR MARISELA
ORTEGA

Law Office of Horacio Pena, Jr.
900 N. Bryan Rd., Suite 201
Mission, Texas  78572
Telephone: (512) 581-8800

By: _____
        Horacio Pena, Jr.
        Texas State Bar I.D. 15737200

6

CVAPDF - www.fastio.com

# EXHIBIT A

Rodolfo Ortega, ~~Individually, and~~
as Next Friend of Marisela Ortega,
a Minor, out of which all expenses,
liens and attorneys' fees shall be paid                    $ _____

Marisela Ortega                                            $ _____

### TOTAL CONSIDERATION $775,000.00

Less Attorneys'
fees of          $232,500          _pw_

Marisela Ortega  $542,500

The Court orders the settling Defendants to
pay Mr. Horacio Pena the ad litem a fee of
$6,500 to be taxed as court costs.                          _pw_